**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| | : | |
| **DINA NORD** | : | **NO. 24-13549 AMC** |

**SIENA PLACE COMMUNITY ASSOCIATION'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)**

**COMES NOW,** Siena Place Community Association (the "Association"), by and through its attorneys, Gawthrop Greenwood, PC, and moves this Honorable Court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. §362(d), and in support thereof, states as follows:

1. The Association is organized and existing under and pursuant to that certain Declaration of Siena Place Planned Community, dated January 21, 2009, of record in Philadelphia County, Pennsylvania, and pursuant to the Pennsylvania Uniform Planned Community Act, 68 Pa. C.S. §5101 *et seq.* (the "UPCA"), which administers the residential planned community known as Siena Place (the "Community"). The relevant provisions of the Declaration are attached hereto and incorporated herein as Exhibit "A."

2. The Debtor, Dina Nord (the "Debtor"), is an adult individual who resides and receives mail at 2323 Roma Drive, Philadelphia, Pennsylvania 19145 (the "Unit").

3. The Unit is located within the Community.

4. As a consequence, the Unit and the Debtor are subject to the provisions of the Declaration, as well as the Association's Bylaws, Rules and Regulations, and the provisions of the UPCA.

5. The Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §101, *et seq*. (the "Code"), on October 1, 2024.

6. Upon filing the Petition, an Order for relief was entered in favor of the Debtor.

7. The Debtor filed a voluntary Petitions under Chapter 13 of the Code on January 4, 2021, at Case No. 21-10004 AMC (the "First Petition").

8. On July 22, 2021, this Honorable Court approved a Stipulation between the Association and the Debtor wherein the Debtor acknowledged the Association's liens against the Unit and agreed to remit payments to the Association. A true and correct copy of the aforesaid Order and Stipulation are collectively attached hereto and incorporated herein as Exhibit "B."

9. After Debtor defaulted from the terms of the Stipulation, by Order, dated January 30, 2024, this Honorable Court issued an Order granting the Association relief from the automatic stay in the First Petition. A true and correct copy of said Order is attached hereto and incorporated herein as Exhibit "C."

10. On Motion of the Standing Trustee, the First Petition was dismissed by Order dated April 2, 2024.

11. Section 8.1 of the Declaration provides:

> … each Unit Owner of any Unit by acceptance of a deed therefore, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay to the Association (1) annual Assessments for Common Expenses,(2) Special Assessments and (3) Limited Common Assessments; such assessments to be established and collected as hereinafter provided. Each such assessment, together with interest, costs and reasonable attorney's fees, shall be the personal obligation of the person who was the Unit Owner at the time when the assessment fell due….

(See, Exhibit "A").

12. Pursuant to Section 8.13 of the Declaration, assessments are due and payable on the first day of each month and if not paid "shall bear interest from the due date of such installment at the rate of fifteen (15%) percent per annum."

13. Pursuant to Section 5315(a) of the UPCA, the Association has a statutory lien against the Unit for all assessments not paid by the Debtor.

14. Pursuant to Section 523(a)(16) of the Code, fees due to a membership association which become due and payable after the Order for Relief are not dischargeable.

15. Pursuant to the Declaration and Section 5315 of the UPCA, unpaid post-Petition assessments also constitute a lien against the Unit.

16. Consistent with its obligations under the Declaration, the Association's Bylaws, and Rules and Regulations, the Association provides "actual and necessary" services which preserve the value of the Unit.

17. Notwithstanding her obligations under the Declaration and the UPCA, Debtor failed to transmit post-Petition assessment payments to the Association, which continue to accrue on a monthly basis.

18. Section 362(d) of the Code provides, in pertinent part, as follows:

> On request of a party in interest after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization.

19. The Association is entitled to an Order granting it immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) of the Code for cause, due to the lack of adequate protection for the Association's lien against the Unit including unpaid post-Petition assessments.

**WHEREFORE,** Siena Place Community Association moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to Siena Place Community Association with respect to the Unit;

B. Permitting Siena Place Community Association to take such actions and seek such remedies with respect to the Unit as are permitted by state law;

C. Permitting Siena Place Community Association to initiate *in personam* proceedings against the Debtor in state court to recover non-dischargeable post-Petition assessments; and

D. Granting such other and further relief as this Honorable Court deems just and proper.

GAWTHROP GREENWOOD PC

By:____________________________________
Elliot H. Berton, Esquire
*Attorneys for Siena Place Community Association*