# EXHIBIT "A"

**Exhibit "A"**

**Prepared by:**
Carl N. Weiner, Esquire
Hamburg, Rubin, Mullin, Maxwell & Lupin

**Return to:**
Carl N. Weiner, Esquire [cweiner@hrmml.com]
Hamburg, Rubin, Mullin, Maxwell & Lupin
375 Morris Road, P. O. Box 1479
Lansdale, PA 19446-0773
215-661-0400

BRT Nos. 782427 430

016112408.18217018

52015838
Page: 1 of 103
01/21/2009 11:41AM

This Document Recorded
01/21/2009
11:41AM
Doc Code: DPN Commissioner of Records, City of Philadelphia

Doc Id: 52015838
Receipt #: 770207
Rec Fee: 74.50

# DECLARATION OF SIENA PLACE PLANNED COMMUNITY

**THIS DECLARATION** is made on this 21st day of January, 2009, by **PENROSE PARK ASSOCIATES, L.P.**, a Pennsylvania limited partnership (hereinafter referred to as "Declarant").

**WITNESSETH:**

## ARTICLE I. PROPERTY; DEFINED TERMS

**Section 1.1 Submission of Property.** This Declaration is made pursuant to the provisions of the Pennsylvania Uniform Planned Community Act, Act 180 of 1996, Title 68, Pa. C.S.A. Section 5101 et seq. (the "Act") for the purpose of submitting to the provisions of the said Act, the property described in Article II hereof, located in the City of Philadelphia, Philadelphia County, Pennsylvania as more particularly described in Exhibit "A" (the "Property"), together with all buildings, structures, improvements and other permanent fixtures of whatsoever kind now erected or to be erected thereon, owned by Declarant in fee simple together with all easements, rights and appurtenances belonging thereto. Declarant hereby creates with respect to the Property a Planned Unit Community to be known as Siena Place Planned Community (the "Community").

**Section 1.2 Easements and Licenses.** The Property is submitted under and subject to the matters of record listed on Exhibit "B" attached hereto and made a part hereof, only to the extent such matters continue to affect the Property, the Declarant expressly disclaiming any intent to revive or extend any such matters which do not presently affect the Property.

## ARTICLE VII EXECUTIVE BOARD OF THE ASSOCIATION

**Section 7.1** **Powers of the Executive Board.** In addition to the powers set forth in the Act, the Executive Board shall have the following additional powers:

(a) To appoint committees of the Executive Board (which need consist of only one (1) Board Member) and to delegate to such committees the Executive Board's authority to carry out certain duties of the Executive Board, subject to the approval and control of the Executive Board.

(b) To engage the services of any persons (including, but not limited to, accountants and attorneys) deemed necessary by the Executive Board at such compensation as is deemed reasonable by the Executive Board, in the operation, repair, maintenance and management of the Property, or in connection with any duty, responsibility or right of the Executive Board and to remove, at any time, any such personnel.

(c) To pay any amount necessary to discharge any mechanic's lien or other encumbrance levied against the Property or any part thereof which may in the opinion of the Executive Board constitute a lien against the Property or against the Common Facilities, rather than merely against the interest therein of particular Unit Owners. Where one or more Unit Owners are responsible for the existence of such lien, they shall be jointly and severally liable for the cost of discharging it and any costs incurred by the Executive Board by reason of said lien or liens shall be specially assessed to said Unit Owners.

**Section 7.2** **Abating and Enjoining Violations by Unit Owners.** The violation of any Rules and Regulations adopted by the Executive Board, the breach of any provision contained in the Bylaws or the breach of any provision of this Declaration or the Act by any Unit Owner or any tenant of such Unit Owner, shall give the Executive Board the right, in addition to any other rights to which it may be entitled, to enjoin, abate or remedy by appropriate legal proceedings, either at law or in equity, the continuance of any such breach.

## ARTICLE VIII ASSESSMENTS

**Section 8.1** **Creation of the Lien and Personal Obligation of Assessments.** Declarant, for each Unit owned by it within the Property, hereby covenants, and each Unit Owner of any Unit by acceptance of a deed therefore, whether or not it shall be so expressed in such deed, is deemed to covenant and agree to pay to the Association (1) annual Assessments for Common Expenses, (2) Special Assessments and (3) Limited Common Assessments; such assessments to be established and collected as hereinafter provided. Each such assessment, together with interest, costs and reasonable attorney's fees, shall be the personal obligation of the person who was the Unit Owner of such Unit at the time when the assessment fell due. Subject to provisions of this Declaration protecting first Mortgagees, the personal obligation for delinquent assessments shall pass to the successors-in-title of such Unit Owner. The Executive Board shall establish one (1) or more separate accounts into which shall be deposited all assessments paid to the Association,

and from which disbursements shall be made, as provided herein, in the performance of functions by the Association under the provisions of this Declaration.

**Section 8.2** **Purpose of Assessments.** The Assessments levied by the Association shall be used exclusively to promote the common health, safety, benefit, and welfare of the Unit Owners and for the improvement and maintenance of the Common Facilities and Controlled Facilities.

**Section 8.3** **Damage to Common Facilities and Controlled Facilities by Unit Owners.** Any maintenance, repairs or replacements within the Common Facilities and Controlled Facilities arising out of or caused by the willful or negligent act or omission of the Unit Owner, and such Unit Owner's family, guests or invitees shall be done at said Unit Owner's expense or a Limited Common Assessment therefore shall be made against such Unit Owner's Lot; provided, however, that the liability of an individual Unit Owner for such damage to the Common Facilities and Controlled Facilities shall not be absolute, but shall only be that for which the Unit Owner is legally responsible under the laws of the Commonwealth of Pennsylvania.

**Section 8.4** **Basis of Assessment.** The Executive Board shall periodically (and in no event less than annually), determine the estimated Common Expenses for the ensuing period (of not more than one year) including any reserves it deems advisable, and the Common Expenses incurred and the assessments and other receipts, if any, received during the prior period. Promptly following each determination of the Common Expenses theretofore incurred (and not theretofore assessed) and of budgeted estimated future Common Expenses, the Executive Board shall assess and collect from each Unit Owner (including Declarant with respect to any Unit owned by Declarant on the assessment date for which a certificate of occupancy has been issued by City) and each such Unit Owner agrees to pay the Association a share of such incurred and estimated Common Expenses as set forth in Section 8.10 of this Article 8.

**Section 8.5** **Payment of Assessments.** All Common Expense Assessments made in order to meet the requirements of the Association's annual budget shall commence and be due and payable as of the date of purchase by the Unit Owner on the Unit. The Executive Board shall determine a manner in which Assessments are collected. The pro-rata portion of the current installment of an Assessment payment may be collected by the Association at settlement and the Association may also collect in advance an additional installment of the Assessment payment in accordance with the periodic installments as then established by the Executive Board.

**Section 8.6** **Surplus.** The budget of the Association shall segregate capital expenses from Common Expenses. Any amounts accumulated from Assessments for Common Expenses and income from the operation of the Common Facilities to which such Common Expenses pertain in excess of the amount required for actual Common Expenses may be reserved for future capital expenses at the discretion of the Executive Board. Any amounts accumulated in excess of the amounts required for actual Common Expenses and reserves for future capital expenses may, at the discretion of the Executive Board, be credited to each Unit Owner in accordance with its proportionate Common Expense liability, said credits to be applied to the next monthly assessment of general common expenses due from Unit Owners under the current fiscal year's budget and thereafter until exhausted. The Executive Board shall determine the application of such excess funds.

**Section 8.7 Capital Expense.** The Association shall establish an adequate capital expense fund for major repair and replacement of those Common Facilities which are anticipated to require replacement, repair or major repair on a periodic basis. The capital expense fund shall be funded by monthly payments as a part of Common Expenses.

**Section 8.8 Special Assessments.** If the annual budget proves inadequate for any reason, including nonpayment of any Unit Owner's assessments, or any non-recurring Common Expense or any Common Expense not set forth in the annual budget as adopted, the Executive Board may at any time levy a further assessment, which shall be assessed to the Unit Owners equally. Such further assessment shall be payable in such monthly installments as the Executive Board may determine. The Executive Board shall serve notice of further assessment on all Unit Owners by a statement in writing giving the amount and reasons therefore, and such further assessment shall become effective and shall be payable at such time or times as determined by the Executive Board.

**Section 8.9 Failure to Fix New Assessments.** If the Executive Board shall fail to fix new assessments for Common Expenses for the subsequent fiscal year before the expiration of any fiscal year, the Unit Owners shall continue to pay the same sums they were paying for such assessments during the fiscal year just ended and such sum shall be deemed to be the new assessments for the succeeding fiscal year. If the Executive Board shall change the assessment at a later date, such new assessment shall be treated as if it were a Special Assessment under Section 8.8 hereof.

**Section 8.10 Rate of Assessment.** Assessments provided for shall be assessed against Units equally. The share of each Unit shall be determined by taking the total amount of the Common Expenses and multiplying by a fraction the numerator of which is the number one and the denominator of which is the total number of Units subject to this Declaration. Until such time as the denominator is 90% of the Units projected for the Property, it shall be assumed that the denominator is 90% of the Units projected for the Property and the Declarant shall pay any shortfall between the actual expenses of the Association and the Assessments collected from Unit Owners other than the Declarant.

A. Phase Units on which individual dwellings have not been constructed shall be assessed at five percent (5%) of the rate of the Assessment assessed against Units generally.

**Section 8.11 Date of Commencement of Assessment.** The Assessments provided for herein for each Unit shall commence with the first day of the month after settlement on the first Unit to a Unit Owner.

**Section 8.12 Initiation Fee and Capital Contribution.** Every Unit Owner shall, at the time of such Unit Owner's purchase of the Unit from the Declarant, shall pay to the Declarant the sum of Five Hundred Dollars ($500) as an initiation fee. Upon any resale of the Unit and purchase by a subsequent Unit Owner, the purchasing Unit Owner shall pay the Association a capital improvement fee as then established by the Association which shall be not less than the amount of two (2) months of Assessments. Such fee shall not exceed the annual Assessment for

Common Expense charged to such Unit during the most recently completed fiscal year of the Association.

**Section 8.13 Payment of Assessments.** Assessments are due and payable on the first of each month. Assessments are considered delinquent if not received by the tenth (10th) of each month. Any installment of an Assessment, a Special Assessment or Limited Common Assessment not paid when due shall bear interest from the due date of such installment at the rate of fifteen percent (15%) per annum. If a Unit Owner is in default of a monthly payment of any Assessment, Special Assessment or Limited Common Assessment for thirty (30) days, the Executive Board may, in addition to all other remedies in the Act or Declaration, accelerate all other monthly payments of Assessments, Special Assessments or Limited Common Assessment due for the following twelve (12) months.

**Section 8.14 No Waiver of Assessments.** No Unit Owner may be exempt from personal liability for Assessments duly levied by the Association, nor release the Unit from the liens and charges hereof, by waiver of use and enjoyment of the Common Facilities or by abandonment of the Unit. No voluntary action on the part of the Unit Owner to assist in the maintenance of the Property in addition to the maintenance provided by the Association shall be a basis for the waiver of any obligation to pay Assessments.

**Section 8.15 Liability of Purchaser of Unit for Unpaid Assessments.** Subject to the provisions of Section 5407 of the Act, upon the voluntary sale, conveyance or any other voluntary transfer of a Unit or any interest therein, the grantee thereof shall be jointly and severally liable with the grantor thereof for all unpaid assessments for Common Expenses which are a charge against the Unit as of the date of consummation of the sale, conveyance or transfer, but such joint and several liability shall be without prejudice to such grantee's right to recover from such grantor the amount of any such unpaid assessments which such grantee may have paid, and until any such assessments are paid, they shall continue to be a lien against the Unit which may be enforced in the manner set forth in Section 5315 of the Act.

**Section 8.16 Fees and Expenses.** All expenses of the Executive Board in connection with any actions or proceedings, including court costs and attorney's fees and other fees and expenses and all damages, liquidated or otherwise, asserted by the Association in collecting Assessments, Special Assessments or Limited Common Assessments shall be added to and deemed a Limited Common Assessment and the Association shall have a lien for all of the same, upon the defaulting Unit. Any and all rights and remedies shall be exercise any time and from time to time, cumulatively or otherwise.

**Section 8.17 Utility Charges.** All utilities provided to each Unit shall be separately metered and will be billed directly to Unit Owners and will be each Unit Owner's sole obligation to pay. Unit Owners shall be responsible for service charges covering any costs of billing incurred by the Association.